■    MEDA INTERNATIONAL, INC., et al., Respondents, v. MICHAEL SALZMAN et al., Individually and Doing Business as MALJANA INTERNATIONAL, et al., Appellants.— Order, entered on June 25, 1965, granting plaintiffs' motion for

an injunction *pendente lite* and denying defendants' cross motion to dismiss the complaint, unanimously reversed, on the law and on the facts and in the exercise of discretion, with $30 costs and disbursements to appellants, and the motion for a temporary injunction denied and the cross motion granted to the extent of staying the action pending the determination of the arbitration proceeding now pending, with $10 costs. An injunction was sought to restrain defendants from using the name Maljana, from holding themselves out as representatives of Maljana of Italy, from selling Maljana of Italy goods, from competing with plaintiffs in the sale of such goods, and from interfering with any contract between plaintiff Meda International, Inc. (Meda) and Maljana of Italy. A temporary injunction is a drastic remedy and should not be granted unless a clear right thereto is shown upon undisputed facts. (See *De Candido* v. *Young Stars*, 10 A D 2d 922; *Park Terrace Caterers* v. *McDonough*, 9 A D 2d 113, 114; *Barricini, Inc.* v. *Barricini Shoes*, 1 A D 2d 905.) The record here presents substantial factual issues which should have precluded any provisional relief. It is apparent that difficulties arose among the three stockholders of Meda — one of whom is defendant Michael Salzman — which raise serious questions as to the continued existence of a contract between Meda and Maljana of Italy, of Salzman's right to deal with Maljana, and consequently of plaintiffs' prospects of success in the action. Therefore, it was an improvident exercise of discretion to grant a temporary injunction. Moreover, the three stockholders of Meda had entered into a stockholder's agreement which provided for arbitration of " All disputes and controversies arising out of, under or in connection with this agreement ". When disputes arose, Salzman and Meda served a demand for arbitration upon the other two stockholders. Those two stockholders appeared in the arbitration and counterclaimed therein asking that Salzman and persons under his control be enjoined from competing with Meda, bringing about any breach of the Maljana contract and using the name Maljana. It thus appears that in the arbitration proceeding, the issues are almost identical with those alleged in the action. Although all the parties named in the action are not parties to the arbitration agreement, it is obvious that all such parties are effectively controlled by those involved in the arbitration. The arbitrators, who have power to grant equitable relief, can adequately dispose of all of the issues posed in the action. Certainly, any award in the arbitration will resolve the main points of controversy. Therefore, the action should be stayed until completion of the arbitration. Settle order on notice. Motion for a stay dismissed, having become academic by virtue of the decision of this court in the appeal decided herewith. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.