Arthur E. Blauvelt, J.
Relator, an inmate of Auburn Prison, has presented a petition for a writ of habeas corpus, verified by his attorney-petitioner March 21,1967.
The petition is defective in that a copy of the mandate by virtue of which relator is detained is not annexed thereto, as required by CPLR 7002 (subd. [c], par. 1). However, this omission in this instance will be waived, as the necessary material facts of the underlying conviction can be gleaned from the petition and they have been verified by reference to reported opin *282 ions of other courts rendered in previous applications made by this same relator. (People v. Combs, 19 A D 2d 639, cert. den. 385 U. S. 878; United States ex rel. Combs v. Denno, 231 F. Supp. 942, affd. 357 F. 2d 809, cert, den., 385 U. S. 872.)
On October 20, 1960 relator was indicted in Kings County Court upon a charge of murder in the first degree. On January 30, 1961 he interposed a plea of guilty of manslaughter in the second degree, in satisfaction of the indictment. On April 11, 1961, based upon his acknowledgement of a prior felony conviction in the State of Georgia, he was adjudicated a second felony offender and judgment of conviction of manslaughter in the second degree was rendered by the County Court of Kings County, New York, and a sentence of 7% to 15 years in State prison was pronounced thereon. On November 9, 1965, relator was released from State prison on parole. He was declared delinquent as of November 10, 1965 for failure to report to his parole officer. He was arrested in Newark, New Jersey on January 31,1966 as a parole violator and on March 25,1966, following extradition proceedings, was returned to Sing Sing Prison. In April of 1966, the Parole Board held a hearing with respect to the alleged violation of parole and made a determination that relator was a parole violator. He was remanded to the custody of the Warden of Sing Sing Prison to serve the balance of his original sentence of 7% to 15 years, no credit being given for the period from November 10, 1965, the date as of which relator was declared delinquent, to the date of his return to custody. On or about November 3, 1966, relator was transferred to Auburn' Prison where he is presently incarcerated and serving his sentence of imprisonment.
This present application is based solely upon relator’s contention that his present detention is unconstitutional because he was denied the right to be represented by his counsel before the Parole Board at the April, 1966 hearing on the violation of parole charges. Specifically, relator claims that the procedure of the Parole Board in revoking his parole, following a hearing at which he was denied the right to be represented by counsel, was in violation of the due process and right to counsel clauses of the United States and New York State Constitutions. It is the opinion of this court that this application is without merit.
The New York State statute (Correction Law, § 218) which governs the holding of a hearing by the Board of Parole upon a violation of parole charge states, in part: 1 ‘ Thereupon, such board of parole shall, as soon as practicable, hold a parole court at such prison or institution and consider the case of such parole violator, who shall be given an opportunity to appear *283 personally, tut not through counsel or others, before such board of parole and explain the charges made against him.” (Italics supplied.) In denying the request of relator to be represented by his counsel at the parole violation hearing, the Board of Parole was following the mandate of the statute.
The procedure followed by the Parole Board was not in contravention of the right to counsel clauses of the United States and New York State Constitutions. Amendment VI of the Constitution of the United States guarantees an accused in all criminal prosecutions the right to have the assistance of counsel for his defense. A parole violation hearing is not a criminal prosecution and no right to counsel exists in favor of the alleged parole violator. Section 6, of article I of the New York State Constitution, which guarantees to a party accused of a crime the right to “ defend in person and with counsel ” in any trial in any court, has no application to a violation of parole hearing. Relator was not accused at the hearing of having committed a crime but with having violated the conditions of his parole, which violations incidentally are admitted by the petition.
It must be kept in mind that no question of relator’s guilt or innocence of a crime was adjudicated at the hearing. Relator’s guilt was established in 1961 when he pleaded guilty and judgment of conviction was pronounced. The purpose of the hearing was to determine whether or not relator had violated the conditions of his parole and whether he should be returned to complete his sentence in State prison or be permitted to serve out his time outside of prison under supervised parole. Such a determination is a discretionary matter for the Board of Parole to decide, whose action is not reviewable by the courts, if done according to law. (Correction Law, § 212.)
The facts as alleged on this application fail to disclose that relator was denied reasonable opportunity to explain the charges of violation of parole made against him. In fact, it affirmatively appears that he was a parole violator in that he neglected to report to his parole officer as directed, left the State of New York without permission, failed to notify the parole authorities of his whereabouts and refused to waive extradition proceedings when apprehended in New Jersey. Relator apparently concedes that he had no legal defense to the charges but complains that he was not permitted to have his counsel explain to the Board of Parole what he deems to have been extenuating or mitigating circumstances. The due process clauses of amendments V and XIV of the Constitution of the United States and section 6 of article I of the New York State Constitution were not violated by the procedure followed by the Board of Parole.
*284 The case of People v. Hamilton (26 A D 2d 134) is inapposite and cannot be considered as an authority for relator’s contention in the instant proceeding. The Hamilton decision pertained to a violation of probation charge under section 935 of the Code of Criminal Procedure, where a new and more severe sentence of from 7 to 15 years was imposed, after vacating the original suspended reformatory sentence of not to exceed five years. The court held under the facts of that case that the defendant was entitled to be advised of his right to counsel upon arraignment on the charge of violation of probation. This is an entirely different proceeding than a hearing on a violation of parole charge with which relator was faced. Other cases cited by relator in support of his claim are either not pertinent or are distinguishable.
For the reasons stated, the application is denied and the writ of habeas corpus applied for is disallowed.