### (June 24, 1971)

■ RAYMOND ROHAUER et al., Appellants, v. PAUL KILLIAM et al., Respondents.— Order, Supreme Court, New York County, entered on March 10, 1971, denying plaintiffs' motion for a preliminary injunction is affirmed, without costs and without disbursements. Plaintiffs brought this action for a permanent injunction and for damages. They seek to enjoin the defendants from distributing certain D. W. Griffith films in violation of an exclusive license granted to plaintiff Rohauer by defendants Killiam and Gregstan Enterprises, Inc. While conceding that others have been authorized to show the same films originally under license exclusively to plaintiff Rohauer, defendants contend they are justified in so doing by virtue of Rohauer's own breach of the agreement between them by engaging in a conspiracy with others to acquire interests in D. W. Griffith films in competition with Gregstan. Those allegations of substantial breach have been interposed as a defense and as the basis for damages in this action, as well as in an action in the United States District Court for the Southern District of New York in which the allegations are asserted in a third-party complaint against Rohauer. Special Term's denial of the temporary injunction is clearly warranted by the record. The law is well established that "The drastic remedy of temporary injunction is not to be granted unless a clear right to the relief demanded is established upon the moving papers." (*Park Terrace Caterers* v. *McDonough*, 9 A D 2d 113, 114.) The burden of showing such an undisputed right is upon plaintiff. (*Barricini Inc.* v. *Barricini Shoes*, 1 A D 2d 905.) In view of the sworn statements by defendants that Rohauer has substantially breached the contract underlying plaintiffs' claim to an injunction by engaging in a course of action seeking to undermine Gregstan's title to the subject licensed films, in direct contravention of their agreement, the plaintiffs have failed to meet that burden in a court of equity. Moreover, the exhibition of films in a competing theatre, if in breach of the contract, can be compensated by monetary damages — hence the injury may not be deemed irreparable. *Kirke La Shelle Co.* v. *Armstrong Co.* (263 N. Y. 79) referred to in the dissent, has no applicability to our case. That was an action to recover moneys under a contract. No injunction was sought. Moreover, in *Kirke*, not only was there no dispute as to the facts, nor any claim of a breach of contract by the adverse party, but the facts are dissimilar to those in the instant case. Hence, Special Term correctly determined that this was an inappro-

priate occasion for an injunction *pendente lite.* Concur — Stevens, P. J., Capozzoli and Nunez, JJ.; McNally, J., dissents in the following memorandum: I dissent and would reverse and grant a temporary injunction. There is nothing in the written license agreement which gives the defendants the right to forfeit plaintiffs' exclusive license. The exclusive rights of the plaintiffs are not denied. Plaintiffs-are entitled to an injunction to preserve their exclusive rights. (*Kirke La Shelle Co.* v. *Armstrong Co.,* 263 N. Y. 79.) The alleged breach of the contract by the plaintiffs does not entitle the defendants to forfeit plaintiffs' exclusive rights, without restitution. Moreover, defendants have an adequate remedy on proof of damages.