THE PEOPLE OF THE STATE OF NEW YORK ex rel. LETICIA M. CALLOWAY, Appellant, *v.* ALBERT SKINNER, as Monroe County Sheriff, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JANET ROBINSON, Appellant, *v.* ALBERT SKINNER, as Monroe County Sheriff, Respondent.

Fourth Department, February 28, 1973.

Nicholas P. Varlan (Leslie Bradshaw of counsel), for appellants.

Louis J. Lefkowitz, Attorney-General (Frederick R. Walsh, Ruth Kessler Toch and Jean M. Coon of counsel), for respondent.

HENRY, J. In this joint appeal by alleged parole violators, they claim that denial of their right to counsel at a preliminary hearing to determine whether there was probable cause to hold them for a parole revocation hearing violated due process.

In the month of June, 1972, warrants were issued by the Board of Parole pursuant to sections 216 to 218 of the Correction Law. The warrants recited that there was reasonable cause to believe that the appellants had violated their parole and directed that they be retaken and placed in detention to await action of the Board of Parole.

There is no provision in the Correction Law for the holding of a preliminary hearing to determine whether probable cause or reasonable grounds exist to believe that a parolee has violated his parole conditions.

On June 29, 1972 after the warrants had been executed the United States Supreme Court decided in *Morrissey* v. *Brewer* (408 U. S. 471) that after arrest of an alleged parole violator a preliminary hearing should be held, before someone other than the parole officer who reports the violations, to determine whether there is probable cause or reasonable grounds to believe that the arrested parolee has committed acts which would constitute a violation of parole conditions. At such hearings the parolee may appear and speak in his own behalf. The court in its opinion does not provide that the parolee shall have assistance of counsel but says (p. 489) "we do not reach or decide the question of whether the parolee is entitled to the assistance of retained counsel or to appointed counsel if he is indigent."

Relators petitioned for habeas corpus relief alleging that *Morrissey* requires that they be given an immediate hearing. The matter was heard at Special Term on July 27, 1972 and an order entered thereon required that the parole violation warrants be vacated and petitioners be released from custody unless

prior to August 8, 1972 the Parole Board conduct a preliminary hearing to determine whether there is probable cause to believe that petitioners had violated the conditions of their parole. The order required compliance with all of the *Morrissey* provisions at the preliminary hearings. It required that petitioners' attorney be given advance written notice of time, place and purpose of the preliminary hearing and a statement of the violations but denied petitioners' requests for counsel at the hearings. The hearings were held on August 4 and the hearing officer by written decision in each case found that there was probable cause to hold petitioners. Special Term thereafter denied the relief sought and dismissed the petitions. In a single notice of appeal both petitioners appealed from the order. They claim that denial of the right to counsel at the preliminary hearing violated due process.

There is no constitutional or statutory provision entitling an alleged parole violator to assistance of counsel at a preliminary hearing. *Morrissey* does not require it and the holding in *People ex rel. Menechino* v. *Warden* (27 N Y 2d 376) should not be extended to entitle an alleged parole violator to the assistance of counsel at such a hearing.

In *Menechino*, the court in holding that a parolee is entitled to be represented by a lawyer at a parole revocation hearing before the Board of Parole said (p. 383): "participation by counsel need be no greater than is required to assure * * * that the board is accurately informed of the facts before it acts." Participation of counsel in a preliminary hearing would serve no such purpose. *Menechino* is, therefore, not authority for participation of parolees' attorney at the preliminary hearings in the case at bar.

*People ex rel. Combs* v. *La Vallee* (29 A D 2d 128) is not authority for giving an alleged parole violator assistance of counsel at such a hearing. Our holding in that case, allowing the relator to have assistance of counsel in his hearing before the Board of Parole, was based on the provision of section 6 of article I of the New York Constitution which guarantees the right to counsel " in any trial in any court " and the then provision of section 218 of the Correction Law, which mandated the Board of Parole to " hold a parole court ". In the case at bar there was no proceeding before a parole court or any court but the hearing was before a designated parole officer to determine the limited issue of whether reasonable cause existed to require a hearing before the Board of Parole.

A parole revocation hearing is in the nature of an adminis-trative proceeding (*People ex rel. Maggio* v. *Casscles,* 28 N Y 2d 415, 418). It is not to be equated to a criminal prosecution in any sense. It is a narrow inquiry (*Morrissey* v. *Brewer,* 408 U. S. 471, 489, *supra*). A person who has been denied assistance of counsel at the preliminary stages of an administrative proceed-ing is not denied due process of law if he has assistance of coun-sel in subsequent proceedings resulting in the final administra-tive order. (*Low Wah Suey* v. *Backus,* 225 U. S. 460, 470; *Opp Cotton Mills* v. *Administrator,* 312 U. S. 126, 152-153; *Chin Shee* v. *White,* 273 F. 801; *Sire* v. *Berkshire,* 185 F. 967; Administra-tive Hearings-Aid of Counsel, Ann. 33 ALR 3d 229, 244.)

We conclude that denial of the assistance of counsel at the preliminary hearings was not violative of appellants' right to due process. We find no merit in the other points raised by appellants.

The judgments should be affirmed.

MOULE, J. (dissenting). On March 19, 1971, 17-year-old Leticia Calloway was adjudicated a youthful offender and sen-tenced to a four-year reformatory term at Bedford Hills Cor-rectional Facility. On June 9, 1972 she was released on parole and, on June 26 she was arrested for parole violation pursuant to a detention warrant issued that day by the New York State Board of Parole. She was charged with violating curfew by remaining away from home one night, failing to seek gainful employment and making an untruthful report to the parole officer that she had spent most of her time in her room watching television.

The report of violation of parole prepared by her parole officer indicates that after her arrest relator was " interrogated at the Monroe County Jail " on June 29, 1972 by the parole officer and that there was " considerable discussion " during which she made certain admissions.

On July 14, 1972 relator instituted a habeas corpus proceeding, returnable July 25, seeking her release and, on July 19 the Board of Parole declared her delinquent as of June 23, and ordered that she be returned to the correctional facility. Special Term by an intermediate order dated July 27, 1972 directed that relator be released unless she was given a preliminary hearing as man-dated by *Morrissey* v. *Brewer* (408 U. S. 471, decided June 29, 1972) prior to August 8, 1972, but denied her request for counsel at such hearing and stayed the Division of Parole from conduct-ing a parole revocation hearing pending a final order.

On August 3, 1972 relator received written notice that a hear-ing would be held the next day. At the hearing she admitted

remaining away from home overnight and that she neither made an application nor had an interview where she claimed to have sought work; her parole officer also testified. The hearing officer found that there was probable cause to hold relator for a parole revocation hearing.

Relator Robinson's fact situation is similar to that of Calloway. Adjudicated a youthful offender on June 3, 1968 [1] when she was 16 years old, she was paroled on July 17, 1969, recommitted, and subsequently reparoled on March 23, 1972. On June 9, 1972 a detention warrant for her parole violation was issued by the Board of Parole and on June 12 she was arrested pursuant to the warrant. She was charged with failing to report to her parole officer, violating curfew by remaining away from home overnight, failing to seek employment, using drugs by taking unprescribed medication which caused her speech to become unco-ordinated and thought processes to be disrupted, and untruthfully reporting to a parole officer her whereabouts on the night she stayed away from home.

The parole officer's report of violation indicates that relator was interrogated at the Rochester area parole office on June 12, 1972 and in the Monroe County Jail on June 19.

On June 30, 1972 the Board of Parole declared her delinquent as of June 9 and ordered that she be returned to the Bedford Hills Correctional Facility. On July 14 relator instituted a habeas corpus proceeding by an order to show cause returnable on July 25 in Special Term of Supreme Court, Monroe County, and on July 27 the court issued an order identical to that in the Calloway proceeding.

Written notice of the hearing was given relator on August 3, 1972 and, at the hearing conducted on August 4, relator admitted staying away from home overnight on June 9 and said that her parole officer had advised her that she could stay at the YWCA overnight if conditions at home became unbearable. She claimed that she did not know how to register at the YWCA and stayed at a hotel under an assumed name instead. Relator claimed that the only drug that she had used was a pill, given her by a friend, which she assumed was for a headache. She also exhibited letters from two business firms stating that she had sought employment with them. After hearing testimony from relator's mother and her parole officer, the hearing officer found that there

---

1. The record shows the maximum expiration date for relator Robinson's sentence to be February 18, 1973. It does not indicate the reason for the extension of such expiration date beyond June 3, 1972, four years after the date of commitment (Penal Law § 75.10, subd. 1, cl. [b]), and it is not an issue here.

was probable cause to hold relator for a parole revocation hearing.

On November 3, 1972, the court ordered that the relief sought in both proceedings be denied and that the petitions be dismissed.

Although both petitioners were arrested before June 29, 1972, the date of the *Morrissey* decision, which was prospective only (*Morrissey* v. *Brewer, supra,* p. 490), they were declared delinquent subsequent to June 29, and such declarations, though made retroactive to the date of each relator's alleged parole violation, did not affect rights which had accrued under *Morrissey*.

In *Morrissey* (p. 485), the Supreme Court held that " due process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available. \* \* \* Such an inquiry should be seen as in the nature of a ' preliminary hearing ' to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts which would constitute a violation of parole conditions." The court further stated that it did not determine whether the parolee was entitled to the assistance of counsel at either the preliminary or revocation hearings (p. 489). This question was decided in New York, insofar as parole revocation hearings are concerned, by *People ex rel. Menechino* v. *Warden* (27 N Y 2d 376, 383) which held that " the demands of due process, under both the United States Constitution and the Constitution of New York State, require that a parolee be represented by a lawyer, and entitled to introduce testimony, if he so elects. The constitutional guarantee demands no less if the search for truth is not to be sacrificed to administrative speed and convenience."

The Supreme Court, in setting forth the procedure to be followed at the preliminary hearing, stated that " the parolee may appear and speak in his own behalf; he may bring letters, documents, or individuals who can give relevant information to the hearing officer. On request of the parolee, persons who have given adverse information on which parole revocation is to be based are to be made available for questioning in his presence." (*Morrissey* v. *Brewer, supra,* p. 487.)

Such rights by the parolee to speak and present evidence in his own behalf, to have witnesses appear for him and adverse witnesses cross-examined in his presence, imply that they be exercised in an effective manner. The parolee's right to be heard would be " of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman

has small and sometimes no skill in the science of law. * * *
He lacks both the skill and knowledge adequately to prepare his
defense, even though he have a perfect one. He requires the
guiding hand of counsel at every step in the proceedings against
him." (*Powell* v. *Alabama*, 287 U. S. 45, 69.)

To extend the right of a hearing to the relators, ages 17 and
20, without permitting them counsel so that they could effectively
be heard, confront the charges and present proof on their own
behalf, would be to vitiate the purpose of such hearing. No
legitimate distinction can be drawn between the parole revoca-
tion hearing and the preliminary hearing that would mandate
the right to counsel in the one and deny it in the other, and rela-
tors, therefore, had a constitutional right to representation by
counsel at their preliminary hearings.

The majority state " In *Menechino*, the court in holding that a
parolee is entitled to be represented by a lawyer at a parole
revocation hearing before the Board of Parole said: ' participa-
tion by counsel need be no greater than is required to assure
* * * that the board is accurately informed of the facts
before it acts.' Participation of counsel in a preliminary hear-
ing would serve no such purpose." We cannot agree with that
conclusion but believe, on the contrary, relators' need to have
the assistance of counsel is as vital at a preliminary hearing as
at a revocation hearing and that consequently relators were
entitled to counsel under *Menechino*.

We would reverse the judgments and direct that the Board of
Parole hold a new preliminary hearing at which appellants
shall have the right to be represented by counsel.

MARSH, J. P., and SIMONS, J., concur with HENRY, J.; MOULE, J.,
dissents and votes to reverse judgments and sustain the writs,
in an opinion in which CARDAMONE, J., concurs.

Judgments affirmed.