KENNETH L. BRAND et al., Individually and as City Marshals, on Behalf of Themselves and All Other City Marshals, Plaintiffs, v RICHARD J. BARTLETT, as State Administrator, et al., Defendants.

Third Department, May 27, 1976

*Rubin, Seidman & Dochter (Irving P. Seidman* of counsel), for plaintiffs.

*Michael R. Juviler (Johnna Torsone* of counsel), for Richard J. Bartlett and others, defendants.

*W. Bernard Richland (Glenn B. Kritzer* of counsel), for Nicholas Scoppetta, defendant.

KOREMAN, P. J. This is an application pursuant to CPLR 6312 (subd [a]) for a preliminary injunction, pending determination of this action, restraining the defendants and all persons acting in their behalf from taking any action to apply or enforce against plaintiffs or the class they represent sections 3 (a), 3 (e), 4 (a), 4 (b), 5, 6 (a), 6 (d) and 6 (f) of the joint order of the Appellate Division, First and Second Departments, dated November 12, 1975, so much of section 1610 of the New York City Civil Court Act as authorizes the suspension of accused marshals pending the hearing and determination of charges against them, and all directives relating to the official conduct and record-keeping of City Marshals which have heretofore been issued by the New York City Commissioner of Investigation.

This motion for a preliminary injunction was transferred to this court from the First Department upon motion of that Department and with the consent of this court. The underlying action herein was brought by certain Marshals of the City of New York, inidvidually and on behalf of all other City Marshals, and by the Marshals' Association of the City of New York, Inc., against the State Administrator, the Commissioner of Investigation of the City of New York, and the Judges of the Appellate Divisions, First and Second Departments. The complaint alleges as follows: That section 3 (e) of the joint

order of the First and Second Departments, dated November 12, 1975, which permits a marshal to charge only those fees "which are prescribed by law and set forth in an official schedule of fees issued by the Commissioner of Investigation", is illegal in that it is inconsistent with section 1915 of the New York City Civil Court Act and CPLR 8011 *et seq.;* that sections 3 (a), 4 (a) and 4 (b) of the aforesaid order, which empower the Commissioner of Investigation to issue directives regarding marshals' official day-to-day activities and to promulgate a handbook of regulations for marshals, constitute an illegal delegation of the Appellate Divisions' rule-making power and fail to protect marshals from the potentiality of being disciplined without due process of law; that sections 5, 6 (a), 6 (c) and 6 (d) of the aforesaid order, which establish procedures for hearing charges against marshals and which empower the Commissioner of Investigation, after a hearing, to impose penalties upon guilty marshals, constitute an improper delegation of power to the Commissioner and do not meet the requirements of due process; that section 6 (f) of the aforesaid order, which allows a marshal to appeal from a decision of the Commissioner of Investigation within 20 days after service of the determination to be reviewed upon him, illegally interferes with the right to timely article 78 review of such determination; that all the directives issued by the Commissioner of Investigation from 1938 to date are invalid due to his lack of authority to issue them; and that section 1610 of the New York City Civil Court Act, to the extent that it authorizes the suspension of a marshal pending a hearing and determination of the charges against him, is unconstitutional.

The relief demanded in the complaint is a declaration of the invalidity of all the foregoing sections and directives, and a permanent injunction restraining defendants from enforcing them.

Plaintiffs seek by the instant motion to enjoin the enforcement of these provisions of the order, directives of the Commissioner of Investigation, and provisions of the New York City Civil Court Act, pending determination of the action. Thus, our inquiry is limited to whether plaintiffs are entitled to a judgment restraining the defendants from the commission or continuance of an act, which, if committed or continued during the pendency of the action, would result in injury to the plaintiffs (CPLR 6301).

It is well established that the drastic remedy of preliminary injunction is not to be granted unless a clear right to the relief demanded is established under the undisputed facts upon the moving papers, and that the burden of showing such an undisputed right is on the person seeking such relief *(Rohauer v Killiam,* 37 AD2d 547; *Meda Int. v Salzman,* 24 AD2d 710; *Park Terrace Caterers v McDonough,* 9 AD2d 113; *Barricini, Inc. v Barricini Shoes,* 1 AD2d 905). While the movant for a preliminary injunction must show a likelihood of success in the action, he must also prove that he will suffer irreparable injury if the injunction is not granted, as well as a clear legal right thereto before such relief may be granted *(Graves v Lombardi,* 42 AD2d 700; *Albini v Solork Assoc.,* 37 AD2d 835).

The papers submitted on this motion disclose that many complex issues remain to be resolved before it can be determined whether the plaintiffs will ultimately succeed on the merits of the action. Moreover, plaintiffs have not established that they are being deprived of statutorily mandated fees. In that regard the defendants take the position that, if there are any discrepancies between the fee schedules as fixed by the Commissioner of Investigation, acting under the authority of the joint order of the Appellate Divisions, and the fees as authorized by statute, the errors have resulted in benefit to the City Marshals, and not to their detriment. Under the facts presented here, we should not enjoin the enforcement of the existing fee schedule during the pendency of the action in the face of the very real possibility that these fee schedules may be reinstated at the conclusion of the underlying action. Since, therefore, plaintiffs have failed to establish a clear right to the relief they seek, or that they have been irreparably damaged, we conclude that they are not entitled to injunctive relief *pendente lite.*

The motion should be denied, without costs.

MAHONEY, MAIN, LARKIN and HERLIHY, JJ., concur.

Motion denied, without costs.