OPINION OF THE COURT
Frank P. De Luca, J.
This is an application for a preliminary injunction in which plaintiffs, recipients of public assistance grants from the Suffolk County Department of Social Services, seek to enjoin, pendente lite, defendants, the Commissioners of the New York State and Suffolk County Departments of Social Services from depriving plaintiffs of: (1) certain alleged civil and privacy rights guaranteed by the United States Constitution, statute and regulation, (2) the right to representation by an attorney or other representative of their choice at any stage of proceedings before an arm of the Department of Social Services known as the special investigation unit (SIU), and (3) proper notice of these rights, where applicable.
The New York State Commissioner of Social Services moves *1004to dismiss the complaint on the grounds that it fails to state a cause of action.
Initially, a preliminary injunction may not be granted unless a clear right to the relief demanded is established upon the undisputed facts contained in the moving papers. (Brand v Bartlett, 52 AD2d 272; Rohauer v Killiam, 37 AD2d 547; Instrument Systems Corp. v La Rosa & Sons, 31 AD2d 766.) Thus, if injunctive relief is to be issued, it can only be issued as to matters arising out of the undisputed facts as estabished on this motion. These facts are as follows.1
Plaintiff Maria Rivera is a mother of two children and is a recipient of public assistance from the Suffolk County Department of Social Services in the Aid to Dependent Children category. During July, 1977, Ms. Rivera was directed by letter to report to the Special Investigation Unit2 of the Suffolk County Department of Social Services because she allegedly had a cousin whose family was staying with her. The cousin was the sister of Ms. Rivera’s daugher [sic], Ms. Rivera was not advised of her right to representation, in writing, prior to appearing for the interview. What occurred at the interview is in dispute.
Plaintiff Mary Ellen McGee is a mother of two children and is a recipient of public assistance from the Suffolk County Department of Social Services in the home relief (HR) category. During March, 1977, Ms. McGee was directed by letter to appear at the Special Investigation Unit of the Suffolk County Department of Social Services. Ms. McGee was not advised in writing of her right to representation prior to, or at the time of her appearance. What occurred at this interview is also in dispute.
Plaintiffs Ethel and Richard Poelstra are wife and husband respectively and are both permanently impaired in their speech and hearing. Miss Corinne Poelstra is their 15-year-old daughter and is in the ninth grade. The Poelstras are recipients of public assistance from the Suffolk County Department of Social Services in the Aid to Dependant Children category. *1005On or about January 19, 1977, Mr. and Mrs. Poelstra were directed by letter to appear at an interview at the office of the special investigation unit, and neither being able to speak or hear, brought their 15-year-old daughter Corinne with them as an interpreter in sign language. Neither was advised in writing of their right to representation or counsel. Plaintiff Richard Poelstra, after appearing before the SIU, signed an affidavit of confession of judgment as well as a confession of judgment and other papers admitting that he received welfare payments in excess of those to which he was entitled.
Plaintiff Dorothy Corr is a mother of two children and is a public assistance recipient from the Suffolk County Department of Social Services in the Aid to Dependent Children category. Ms. Corr is a joint owner of a single-family private home at 1463 Brooklyn Boulevard, Bay Shore, in which she resides with only her two children. Ms. Corr was required to sign a bond and mortgage as a condition of eligibility for public assistance on or about February 23, 1977. Ms. Corr signed the bond and mortgage and obtained the children’s father’s signature as demanded by the Suffolk County Department of Social Services, although his signature was not required by law. He was not on the grant, nor was he an applicant for public assistance. Ms. Corr was not given a copy of the bond and mortgage at the time she signed, but later obtained a copy.
To summarize the facts which are not in dispute insofar as the Suffolk County Commissioner of Social Services is concerned:
(1) Plaintiffs Rivera, McGee and Poelstra were required to appear before the SIU and were not given written notice of their alleged right to be represented by counsel or a lay person of their own choosing.
(2) Plaintiff Richard Poelstra, after appearing before the SIU, signed an affidavit of confession of judgment as well as a confession of judgment and other papers admitting that he received welfare payments in excess of those to which he was entitled.
(3) Plaintiff Dorothy Corr was required to sign a bond and mortgage on her home prior to becoming eligible to receive welfare payments.
The balance of the factual allegations are in dispute.
In order to sharpen the issue presented on this motion, it *1006should be noted that plaintiffs do not ask that counsel be assigned at public expense to assist them in proceedings before the SIU. It is settled that the right to assigned counsel at public expense, even at the fair hearings to be held before termination of benefits as mandated by Goldberg v Kelly (397 US 254), has not been recognized. (Matter of Brown v Lavine, 37 NY2d 317.) What plaintiffs instead ask for is the right to consult counsel and to have counsel present, at plaintiff’s expense or at the expense of a community legal services program or legal aid, during the proceedings before the SIU.
I.
Pursuant to CPLR 6301, a preliminary injunction may be issued "in any action where the plaintiff has demanded and would be entitled to a judgment restraining the defendant from the commission or continuance of an act, which, if committed or continued during the pendency of the action, would produce injury to the plaintiff.” However, preliminary injunctions which give the same relief as that expected to be obtained by final judgment, if granted at all, should only be granted when required by urgent situation or grave necessity, and then only on the clearest evidence. (Russian Church of Our Lady of Kazan v Dunkel, 34 AD2d 799; see, also, Shelborne Beach Club v Heilman, 49 AD2d 741; Albini v Solork Assoc., 37 AD2d 835.) It is required that: "On a motion for a preliminary injunction, the movant must prove three things: (1) the likelihood of its ultimate success on the merits; (2) irreparable injury to it absent the granting of the preliminary injunction; and (3) a balancing of the equities” (Shelborne Beach Club v Heilman, supra, p 741).
II.
The right to appear with an attorney at the various stages of proceedings before administrative agencies is less than fixed.
The Sixth Amendment to the United States Constitution which provides for assistance of counsel to the accused, "[i]n all criminal prosecutions,” is subject to the "criminal prosecution” limitation stated in the amendment and is therefore inapplicable to civil administrative proceedings. (Hannah v Larche, 363 US 420, reh den 364 US 855; Jeung Bow v United States, 228 F 868; United States v Steel, 238 F Supp 575; *1007People ex rel. Combs v La Vallee, 53 Misc 2d 281, revd on other grounds 29 AD2d 128, app dsmd 22 NY2d 857.)
Whether the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and section 6 of article I of the New York State Constitution (which guarantees the right to counsel, "in any trial in any court whatever * * * as in civil actions”; CPLR 321 regarding representation by counsel in civil cases provides: "A party * * * may prosecute or defend a civil action in person or by an attorney”) depends on a variety of factors, the most important of which are: (1) whether due process requires a hearing, and (2) whether the power exercised by the administrative agency is investigative or adjudicatory in nature.
It has been held, although not universally accepted, that where due process or statute requires a hearing before an administrative body, the right to employ counsel attaches. (Goldberg v Kelly, 397 US 254, 270-271, supra; Matter of Fusco v Moses, 304 NY 424, 433-435; People ex rel. Mayor of City of N. Y. v Nichols, 79 NY 582; Matter of Goldwyn v Allen, 54 Misc 2d 94, 97; cf. Madera v Board of Educ., 386 F2d 778, cert den 390 US 1028; Wasson v Trowbridge, 382 F2d 807.)
In Hannah v Larche (supra), it was recognized that administrative agencies may exercise investigatory, as opposed to adjudicatory, powers; where an administrative agency makes binding determinations which directly aifect the legal rights of individuals, the function is adjudicatory; but where the agency only gathers facts which may subsequently be used as the basis for legislative, executive or administrative adjudicatory action, the function is merely investigatory. This distinction is important, for generally, where the function is merely investigatory, due process does not require the assistance of counsel. (Matter of Groban, 352 US 330; Madera v Board of Educ., supra; Wasson v Trowbridge, supra; Matter of Popper v Board of Regents of Univ. of State of N. Y., 26 AD2d 871.)
When the agency exercises an adjudicatory function, that is where an adverse determination will aifect the life, liberty and property of an individual, the right to counsel has not been entirely settled. As noted above, at least in the welfare context, Goldberg v Kelly (supra) requires that the welfare recipient be afforded an opportunity to have assistance of counsel at the fair hearing to be held prior to termination of *1008benefits. As to matters prior to the fair hearing, the case is silent.
In such preliminary proceedings, the rule appears to be as stated People ex rel. Calloway v Skinner (41 AD2d 106, 109, affd 33 NY2d 23): "A person who has been denied assistance of counsel at the preliminary stages of an administrative proceeding is not denied due process of law if he has assistance of counsel in subsequent proceedings resulting in the final administrative order. (Low Wah Suey v. Backus, 225 U.S. 460, 470; Opp Cotton Mills v. Administrator, 312 U.S. 126, 152-153; Chin Shee v. White, 273 F. 801; Sire v. Berkshire, 185 F. 967; Administrative Hearings-Aid of Counsel, Ann. 33 ALR3d 229, 244.)”
The facts of the present case are to be distinguished from People ex rel. Calloway v Skinner (supra) in that here, the preliminary administrative proceedings before the SIU ended the matter and there are no subsequent administrative proceedings resulting in a final administrative order at which counsel may assist. Nevertheless, basic rights of welfare recipients are being, in effect, adjudicated at the preliminary proceedings before the SIU.
And, it appears that more than an investigation is being conducted by the SIU. The signing of a mortgage or of a confession of judgment, as well as related affidavits which may conclusively establish commission of a crime sounding in welfare fraud, go beyond the purview of an investigation. These are documents which persons in any circumstances, whether in a welfare, commercial or other context, should not sign without first having an opportunity to seek the advice of counsel.
A mortgage is a security for a debt representing a lien on the mortgaged premises. (Holmes v Gravenhorst, 263 NY 148; Prudence Co. v 160 West Seventy-Third St. Corp., 260 NY 205.) The taking of a mortgage as security for repayment of public assistance payments is authorized by statute. (Social Services Law, §§ 106, 360.)
Judgments by confession have all the qualities, incidents and attributes of a verdict after trial, as well as a presumption of validity. (Giryluk v Giryluk, 30 AD2d 22; CPLR 3218.) In situations where recipients withhold information which would affect the amount of their grants, the agency’s remedy is not a confession of judgment, but rather a recoupment from future *1009payments of up to 10% of such payments, until any excess payment has been recovered in full. (18 NYCRR 348.4.)
Because at proceedings before the SIU, significant property rights of welfare recipients are being adjudicated, disposed of or alienated without any further proceedings, welfare recipients should be afforded the opportunity to secure assistance of counsel.
III.
The sworn statement signed by Richard Poelstra is of particular interest and reads as follows:
STATE OF NEW YORK ss COUNTY OF SUFFOLK
X Richard Poelstra, being duly sworn, deposes and says: I live at 168 Sequoia Drive, Coram, N.Y. I was born 9-30-26, in Paterson, N.J. My Social Security number in [sic] 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. I have received public assistance from the Department of Social Services, Suffolk County from 8/2/67 to the present January 19, 1977. My wife Ethel Poelstra, born 10-23-27, has received Social Security benefits from 1/ 1/69 to the present 1/19/77 from 1/1/69 to 11/76. I did not report the fact that my wife pays Medicare coverage from her Social Security checks. Therefore from 1/1/69 to 11/76, I only reported the amount of the check received with each of the amount of the benefit. From 1/69 to 11/76, I agree that there was an overpayment made to me by the Department of Social Services of $5,348.80 because of the information I and my wife reported to the Department of Social Services, Suffolk County. RP
I have read the above statement and say it is true and correct.

This statement comes very close to an admission that a crime was committed by the deponent.
The Fifth Amendment to the United States Constitution protects against compulsory self incrimination, and provides that "[n]o person * * * shall be compelled in any criminal case to be a witness against himself’. The privilege reflects a complex of our fundamental values and aspirations, (Murphy *1010v Waterfront Comm., 378 US 52, 55) and marks an important advance in the development of our liberty (Ullmann v United States, 350 US 422, 426). It can be asserted in any proceeding, civil or criminal, administrative or judicial, investigative or adjudicatory (Murphy v Waterfront Comm., supra, p 94 [White, J., concurring]; McCarthy v Arndstein, 266 US 34, 40), and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used (Hoffman v United States, 341 US 479, 486; Blau v United States, 340 US 159; Mason v United States, 244 US 362, 365). The Fifth Amendment privilege is applicable to the States via operation of the Fourteenth Amendment (Malloy v Hogan, 378 US 1).
How are two persons, who can neither hear nor speak, but who must communicate with SIU investigators via sign language using their 15-year-old daughter as an interpreter, be afforded meaningful Fifth Amendment protection without the opportunity to have counsel present? Further, how can any person be afforded proper Fifth Amendment protection without presence of counsel in proceedings before an agency such as the SIU, where there is at least an implied threat of both criminal prosecution and termination of welfare benefits if cooperation is not forthcoming?
IV.
Finally there is a complexity of factors to be considered. The interplay between, as well as the proximate and remote ramifications of, a mortgage, a confession of judgment and affidavit of facts, the privilege against self incrimination and the right to a fair hearing prior to termination of welfare benefits with the right to assistance of counsel gives even the trained legal mind pause. How then are we to expect laymen, especially those who are welfare recipients and likely educationally disadvantaged, to understand these concepts and their interrelations?
This court does not seek to interfere with or burden the investigatory work of the SIU. However, it does appear that the SIU is doing more than its name implies, that is mere investigation; it appears that the SIU is also compromising and enforcing claims of the county social services agency as well. And it is doing these things as a quasi-police force in a *1011situation where the threat of termination of welfare benefits looms as a penalty for "non-cooperation”.
Under the circumstances obtaining here, the court is of the opinion that a welfare recipient who has been summoned to appear before the SIU has a right, under the due process clause of the Fourteenth Amendment to the United States Constitution, to consult an attorney or lay person and have such persons present at. the proceedings before the SIU, at the recipient’s own exprense. Because at these "investigations” welfare recipients may be requested to sign documents which relinquish or adjudicate certain of the recipients’ rights, welfare recipients should be informed in writing that they have a right to counsel or a lay person present to advise them of their rights and the possible consequences of their actions. The court notes that this procedure has been adopted in Nassau and Westchester Counties. However, the defendants should not be required to furnish a list of attorneys and lay persons who will represent and assist welfare recipients at SIU proceedings.
Since the withholding of the right to consult counsel or a lay person in the above circumstances could do grievous and irreparable harm to plaintiffs, pending a trial of this action, a preliminary injunction should be granted.
Settle order: (1) enjoining defendants from preventing public asistance recipients from having counsel or a lay person present to give advice during SIU proceedings, (2) requiring defendant Commissioner of Social Services of the County of Suffolk to inform public assistance recipients in writing of their right to have such counsel or lay person present at SIU proceedings.
The balance of the motion for a preliminary injunction is denied, and the issues should be submitted to a trial court as expeditiously as possible.
The cross motion of defendant, New York State Commissioner of Social Services to dismiss the complaint for failure to state a cause of action is granted. The complaint as presently framed does not contain sufficient matter, if viewed in light most favorable to plaintiffs, to sustain a cause of action against the State commissioner. Plaintiffs may amend their complaint within 30 days of service of a copy of this order to be entered herein.

. Defendant Kirby has served a verified answer to the verified complaint, which contains the admissions of fact which form the basis of this opinion. The State commissioner has not yet served an answer; therefore the admissions are made only by the Suffolk commissioner.

. The precise nature and functions of the SIU were not made clear in the papers submitted on the motion. However, it appears that the SIU is an arm of the Suffolk County Department of Social Services which makes investigations into welfare fraud.