■ QUANDT'S WHOLESALE DISTRIBUTORS, INC., Respondent, v JOSEPH GIARDINO et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered November 16, 1981 in Montgomery County, which granted plaintiff's motion for a preliminary injunction and denied defendants' motions for an evidentiary hearing and for the posting of a bond. In January, 1981, plaintiff, a distributor of institutional and restaurant food and supplies, hired defendant Giardino as a salesman to service specific accounts in a three-county area. His employment contract contained a restrictive convenant which provided that, for a period of six months immediately following termination of his employment, he would not compete with plaintiff in the area to which he had been assigned. His contract also provided that he would be paid a base salary plus 1% of his gross sales. In August, 1981, plaintiff changed Giardino's compensation to a straight commission basis. For the

period following the change, he actually earned more than he would have under the prior arrangement. In September, 1981, however, Giardino submitted his resignation to plaintiff and nine days later began working for a competitor, defendant S. S. Pierce Company. Plaintiff immediately brought an action to enforce the restrictive covenant and obtained a preliminary injunction enjoining defendant Giardino for six months from competing in the three counties in which he had worked for plaintiff. The instant appeal ensued. On a motion for a preliminary injunction, the movant must first demonstrate a likelihood of success on the merits (*Doe v Greco,* 62 AD2d 498, 500; *Matter of Rivera v Blum,* 98 Misc 2d 1002, 1006). Therefore, it is appropriate to examine the restrictive covenant involved here and to determine whether it was enforceable against defendant Giardino on the basis of plaintiff's evidentiary showing before Special Term. The criteria for enforceability have been described as follows: "[R]estrictive covenants which tend to prevent an employee from pursuing a similar vocation after termination of employment are disfavored by the law [citations omitted]. Such covenants will be enforced only if reasonably limited temporally and geographically [citations omitted], and then only to the extent necessary to protect the employer from unfair competition which stems from the employee's use or disclosure of trade secrets or confidential customer lists * * * [or] if the employee's services are truly 'special, unique or extraordinary' and not merely of 'high value to his employer'". (*Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 499; see, also, *American Broadcasting Cos. v Wolf,* 52 NY2d 394, 403-404). Plaintiff's six-month, three-county restrictive covenant was fairly reasonably limited temporally and geographically, although limiting Giardino to the specific accounts he had serviced for plaintiff would have been a more appropriate geographical limitation. Plaintiff, however, has made no evidentiary showing concerning the unfair competition criteria mentioned in *Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.* (*supra*). Plaintiff alleges no trade secrets or confidential customer list. Certainly, the names of plaintiff's institutional and restaurant customers are readily available from directories. Nothing more is claimed by plaintiff than that defendant Giardino was a very effective and well-trained salesman, familiar with plaintiff's customers and business methods. This may tend to establish that he was "of 'high value to his employer'"; it does not establish his services as unique (*Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 499, *supra; Purchasing Assoc. v Weitz,* 13 NY2d 267, 274). Therefore, under *Columbia Ribbon & Carbon Mfg. Co.* (*supra*), plaintiff's restrictive covenant is not valid against defendant Giardino. Plaintiff also did not make the showing of irreparable injury which is required for a preliminary injunction (*Lowe v Reynolds,* 75 AD2d 967, 968; *Doe v Greco, supra; Matter of Rivera v Blum, supra*). Not only does plaintiff make no evidentiary showing of any lost business or customers or other specific damage, but five weeks after defendant left, plaintiff's president averred in a supporting affidavit that "sales on the defendant's old route are equal to or greater than what they were when the defendant left". For the foregoing reasons, the preliminary injunction was improperly granted and should be vacated. In view of this determination, any error committed by Special Term in failing to require the posting of a bond as a condition of granting the preliminary injunction is academic. Order reversed, on the law and the facts, with costs, and motion by plaintiff denied. Main, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.