SAM SWARTZ, Appellant, v. WAR MEMORIAL COMMISSION OF THE CITY OF ROCHESTER et al., Respondents.

Fourth Department, February 24, 1966.

*Falk, Schoenwald, Klafter & Ange* (*Sidney K. Schoenwald* of counsel), for appellant.

*John R. Garrity, Corporation Counsel* (*Tom Frey* of counsel), for respondents.

*Per Curiam.* Plaintiff's complaint, dismissed by Special Term for lack of merit, alleges, *inter alia,* that by contract with defendant commission he has the exclusive concession for the sale of food and refreshments in the Rochester War Memorial Building; that on November 15, 1965 defendant commission removed its prohibition against the sale of beer and ale therein and decided that sale thereof be permitted; that plaintiff chose not to sell said beverages; that on November 30, 1965 defendant commission notified him that unless he made application for a license to sell beer and ale within 30 days he would be removed and would not be permitted to continue as concessionaire in said building. He further alleges that defendants threaten to violate his rights under the contract and he seeks a judgment declaring the rights and legal relations of the parties and decreeing that defendants are precluded by the contract from doing any act which may interfere with his right to continue as sole concessionaire.

In our opinion the complaint alleges a justiciable controversy. Plaintiff and defendants having each moved for summary judgment, the court should retain jurisdiction of the action and exercise its power to declare the rights and legal relations of the parties whatever they may be. (*Cahill* v. *Regan,* 5 N Y 2d 292, 298; *Rockland Light & Power Co.* v. *City of New York,* 289 N. Y. 45, 50, 51.)

The introductory clause of the agreement recites: "It is the mutual desire of the parties hereto to enter into a contract whereby * * * the Concessionaire shall furnish such services as are hereinafter provided". The contract provides for sale of food, beverages, novelties, souvenirs, tobacco, cigars, candy, and other items. The contract further provides in paragraph 6 as follows: "The privileges and sales rights granted herein shall not include the right to sell any alcoholic beverages during any period or periods in which such sale or sales are prohibited. However, in the event that such prohibition is removed at any time during the term of this agreement, the exclusive sales rights granted herein shall extend to the sale of such alcoholic beverages and the amount to be paid by the Concessionaire to the Commission on such sales as rental shall be identical to that provided for sales of food and beverages." The agreement recognizes the need of a license to sell beer and ale and provides that the commission will co-operate with the concessionaire in obtaining one. Although paragraph 6 contains no express provision requiring the concessionaire to apply for a license, the thirteenth paragraph provides: "Prior to entering into any and all operations contemplated hereunder, the Concessionaire shall obtain and keep in force all necessary local, state and/or federal permits or licenses".

Considering all the provisions of the contract and the inferences naturally derivable therefrom as to the intent and object of the parties in making it and the result which they intended to accomplish by its performance, we conclude that it was plaintiff's duty to attempt to qualify himself to sell beer and ale by applying for a license to do so.

Here the agreement expressed the mutual intent of the parties that plaintiff should perform the services provided for in the contract, one of which was to sell alcoholic beverages whenever the prohibition against such sale had been removed. The intent and object of the parties and the result which they intended to accomplish by its performance are apparent. Both parties would derive income from its performance. The public would be convenienced by being able to purchase the food, beverages, and merchandise specified in the contract. Acceptance by plaintiff of the exclusive sales right given him by the contract was an assumption of its duties. Unless he sold the items specified in the contract neither party would derive income from it. His promise to pay defendant commission a percentage of the gross receipts resulting from the exclusive agency was a promise to use reasonable efforts to bring profits and revenues into existence (*Wood* v. *Duff-Gordon*, 222 N. Y. 88, 91, 92). It was indis-

pensable to defendant commission that plaintiff having the exclusive right to sell should use all diligence to the end that sales be made of the specified items including beer and ale. (*Booth* v. *Cleveland Mill Co.*, 74 N. Y. 15, 25.) The reasonable efforts and diligence required of plaintiff to bring profits and revenues into existence imposed upon him the duty to apply for a license to sell beer and ale. His failure to do so amounted to a default on his part of an obligation of the contract. The default continued unremedied for 30 days after his receipt of written notice of it, and the contract was terminated in accordance with its terms.

The judgment and order should be modified in accordance with this opinion, and as so modified affirmed.

WILLIAMS, P. J., BASTOW, HENRY, DEL VECCHIO and MARSH, JJ., concur.

Judgment and order unanimously modified in accordance with the opinion and as modified affirmed, without costs of this appeal to either party.