■    KENNETH G. BROUGHTON, as Father and Natural Guardian of SUSAN M. BROUGHTON, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 50621.) — REYNOLDS, J. Appeal from an order of the Court of Claims denying appellant's cross motion for summary judgment. Concededly, summary judgment is available in the Court of Claims (e.g. *Chemical Bank N. Y. Trust* v. *State of New York*, 27 A D 2d 427, 428; *Vern Norton, Inc.* v. *State of New York*, 27 A D 2d 13), but on the instant record, considering the affidavits and supporting papers submitted on the original motion as well as on the cross motion, appellant's motion was properly denied. Order affirmed, with costs. Herlihy, J. P., Reynolds, Cooke and Greenblott, JJ., concur in memorandum by Reynolds, J.; Aulisi, J., not voting.

■    In the Matter of WILLIAM J. BIANCHI et al., Respondents, v. THOMAS F. McCoy, as State Administrator of the Administrative Board of the Judicial Conference of the State of New York, Appellant.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, New York County, in a proceeding brought under CPLR article 78, annulling appellant's determination changing respondents' job classification from Official Interpreter for the Supreme Court, First Judicial District, to Interpreter in the New York City Unified Court System and directing a restoration of respondents' former title. The instant review procedure is premature in that respondents have not exhausted their administrative remedies. Admittedly no decision has been rendered by the Administrative Board of the Judicial Conference on the issues involved. We cannot agree that the issues raised solely involve matters of law and thus that the orderly administrative process is therefore obviated (cf., e.g., *Kovarsky* v. *Brooklyn Union Gas Co.*, 279 N. Y. 304). Present is a mixed question of law and fact involving an examination of how respondents' functions and duties after reclassification effect and jeopardize their duties, status and rights as such existed prior to reclassification. Judgment reversed, on the law and the facts, and petition dismissed, without costs. Herlihy, J. P., Reynolds, Cooke and Greenblott, JJ., concur in memorandum by Reynolds, J.; Aulisi, J., not voting.

## FOURTH DEPARTMENT, JUNE, 1969

### (June 19, 1969)

■    EARNEST COX et al., Respondents, v. CLIFFORD ROGERS et al., Appellants.— Order insofar as appealed from unanimously modified in accordance with the memorandum herein, and as so modified affirmed, without costs. Memorandum: Issues are presented in the moving papers not only as to whether the defendants landlords are responsible for code violations on the premises and for a failure to correct them but also as to plaintiffs' own direct responsibility as tenants for their creation and maintenance. As stated in *Town of Southeast* v. *Gonnella* (26 A D 2d 550) " In the absence of a clear right to the relief demanded, injunctive relief should not be granted until the issues have been fully explored and the entire matter resolved after plenary trial." In the circumstances presented by the moving papers injunctive relief should not be granted without a resolution of the factual issues on the trial. (Appeal from certain parts of order of Onondaga Special Term granting preliminary injunction and denying motion to dismiss complaint.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Bastow and Henry, JJ.