■ CY GREENE MOTORS, INC., Respondent, v. CHRYSLER MOTORS CORPORATION, Appellant.— In an action to recover damages for breach of contract, defendant appeals from an order of the Supreme Court, Nassau County, dated June 3, 1974, which denied its motion to dismiss the complaint or for summary judgment. Order reversed, on the law, without costs, motion for summary judgment granted and complaint dismissed. Plaintiff corporation was formerly a Dodge dealer in Manhasset, New York. The agreements between plaintiff and defendant automobile manufacturer provide that defendant entered into these agreements "relying on the active, substantial and continuing personal participation in the management" of the dealership by one Robert Greene, general manager, and give defendant the right to terminate the agreements for breach of this provision. It is undisputed that Robert Greene moved to California and that defendant then notified plaintiff of its termination

of the agreements. On a previous motion by plaintiff for a preliminary injunction, which was denied, the sole supporting affidavit submitted on its behalf was that of Robert Greene's brother, Richard Greene, a nonsignatory to the agreements. No affidavit was submitted by Robert Greene. On the instant motion by defendant, the narration by Robert Greene, in his opposing affidavit, of his involvement with plaintiff is limited to the following: " I have indeed remained ' active, substantial and continuing ' in my involvement with Cy Greene Motors, Inc. Since my removal to California, I have been in close contact with the plaintiff by virtue of written correspondence with my brother Richard Greene, telephonic communications with the principals of Cy Greene Motors, Inc., and, from time to time, have returned to New York. * * * My contacts continue, as does my involvement in management level decision making." It is axiomatic that, to defeat summary judgment, the opponent must present evidentiary facts sufficient to raise a triable issue of fact, and that averments merely stating conclusions, of fact or of law, are insufficient (*Newmark* v. *Weingrad*, 43 A D 2d 983; *Mallad Constr. Corp.* v. *County Fed. Sav. & Loan Assn.*, 32 N Y 2d 285, 290). " It is not enough for the opponent to show that an agreement is ambiguous permitting the introduction of parol evidence. The opponent must also disclose in evidentiary form the particular parol evidence, if any, on which it relies. * * * Otherwise, there are only documents to interpret, and the court may resolve ambiguities appearing in the documents on a motion for summary judgment " (*Mallad Constr. Corp.* v. *County Fed. Sav. & Loan Assn., supra,* p. 290). Robert Greene's averments of " written correspondence " with his brother, " telephonic communications " with plaintiff's principals, visits to New York " from time to time " and " involvement in management level decision making " are insufficient, as a matter of law, to raise a triable issue of fact, since the agreements call for his " active, substantial and continuing personal participation in the management " of the automobile dealership, located in Manhasset, New York, and he had undisputedly moved to California. Consequently, defendant's motion should have been granted insofar as it sought summary judgment. Gulotta, P. J., Hopkins, Martuscello and Latham, JJ., concur.