■ PRUDENCE J. CAMARDO et al., Respondents, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT et al., Appellants.—Order unanimously reversed, without costs, and motion for preliminary injunction denied. Memorandum: Defendants appeal from an order granting a preliminary injunction restraining them from implementing the provisions of chapter 125 of the Laws of 1975, pending the outcome of plaintiffs' constitutional challenge of the statute. That law abolished certain common and union free school districts in the Rochester area; added their territory to that of the Greece or Gates-Chili Central School District; provided for the assessment of a school tax on real property within the abolished districts; and limited the rights of students in these districts to attend Rochester public schools without paying tuition. While the grant of a preliminary injunction is considered an act of discretion, this discretion can only be properly exercised after the moving party has established one of the statutory grounds for this relief (CPLR 6301). Plaintiffs' rights to the injunction must be certain as to the law and the facts and the burden of establishing such an undisputed right rests upon the plaintiffs *(Pine Hill-Kingston Bus Corp. v Davis,* 225 App Div 182, 183). Plaintiffs here asserted that the statute, by limiting the rights of students in the abolished districts to attend Rochester public schools without paying tuition, violated a contractual agreement between the district residents and the State. This agreement, embodied in previous legislation (L 1915, ch 359; L 1918, ch 547; L 1922, ch 519), provided free tuition privileges for these students in return for property annexations by the City of Rochester. It is not certain, however, from plaintiffs' affidavits that such a "contract" was created or that it was " 'the actual and deliberate intention of the State authorities' " to do so *(Pennsylvania R. R. Co. v State of New York,* 11 NY2d 504, 511). At most, plaintiffs raise factual issues "not fully developed in the record, which must be decided upon trial before the rights of the parties can be settled" *(Town of Southeast v Gonnella,* 26 AD2d 550). Plaintiffs have also failed to prove the likelihood of their ultimate success on the merits, irreparable injury if the injunction is not granted, and a balancing of the equities in their favor *(Albini v Solork Assoc.,* 37 AD2d 835). The grant of a preliminary injunction is a drastic remedy to be used sparingly *(Cox v Rogers,* 32 AD2d 871). While a motion for this relief should not be transformed into a full trial on the merits of plaintiffs' case, nevertheless, plaintiffs must establish "that the right to the ultimate relief requested is not in doubt" *(Robin v Village of Hempstead,* 66 Misc 2d 482, 487). Plaintiffs here have failed to meet this burden. (Appeals from order of Monroe Special Term granting preliminary injunction.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Witmer, JJ.