■ Town of Porter, Respondent, v Chem-Trol Pollution Services, Inc., et al., Appellants.—Order unanimously reversed, without costs, and motion denied, upon condition that Chem-Trol Pollution Services, Inc., furnish a $100,000 surety bond pending a resolution of the underlying action. Memorandum: Defendant Chem-Trol Pollution Services, Inc. (Chem-Trol), is engaged in the processing, treatment, recovery and disposal of industrial and hazardous wastes at a facility owned and operated by it and situated on approximately 900 acres in the Towns of Porter and Lewiston.

During the period 1972-1976 Chem-Trol, in connection with its waste treatment and disposal operations, constructed six secure landfills on its premises, of which five have been filled and capped. It is presently utilizing Secure Landfill No. 6 which, at its present rate of use, will be filled and capped in February or March, 1978. As a result of authorization granted to it by the Department of Environmental Conservation, Chem-Trol began preliminary excavations for Secure Landfill No. 7 in the summer of 1977. Plaintiff commenced this action for a permanent injunction by service of a summons and complaint, together with an order to show cause on its motion for a preliminary injunction. In its complaint plaintiff alleged that Chem-Trol's excavation for Secure Landfill No. 7 is in violation of certain provisions of its zoning ordinance which require the obtaining of a special permit for "major excavating, grading or filling" and that Chem-Trol has not applied for such permit. In its answer Chem-Trol set forth four affirmative defenses. The first was that the Department of Environmental Conservation, pursuant to title 5 (now title 7) of article 27 of the Environmental Conservation Law, has undertaken detailed regulation of its facilities and, since the provisions of the zoning ordinance which plaintiff is attempting to apply to the excavation of Secure Landfill No. 7 do not meet the minimum requirements of the State law and the regulations promulgated thereunder, such local provisions are pre-empted and otherwise invalid. The second and third affirmative defenses were that the provisions of plaintiff's zoning ordinance are invalid since they exceed, or are not within, the powers granted to it under the Town Law of the State of New York and the fourth affirmative defense set forth a claim of estoppel against plaintiff. Chem-Trol and defendant Peter A. A. Berle, Commissioner of Environmental Conservation of the State of New York, appeal from the order of Special Term granting plaintiff's motion for a preliminary injunction enjoining Chem-Trol, pending a resolution of the merits of the underlying action, from excavating for Secure Landfill No. 7. To grant a preliminary injunction the law requires the moving party to demonstrate: (1) the likelihood of ultimate success on the merits; (2) irreparable injury to him absent granting of the preliminary injunction; and (3) that a balancing of equities favors his position (Matter of Armitage v Carey, 49 AD2d 496, 498; Albini v Solork Assoc., 37 AD2d 835). Here, although it is arguable that plaintiff has made a prima facie showing of a right to relief so as to meet the requirement that it demonstrate the likelihood of ultimate success on the merits (Tucker v Toia, 54 AD2d 322, 325), there has been a total failure on its part to show either irreparable injury to it in the absence of the relief requested or a balance of equities in its favor. Plaintiff has expressed a legitimate concern with respect to Chem-Trol's construction and ultimate use of Secure Landfill No. 7; however, such is not at issue on this appeal. The record fails to show how Chem-Trol's excavation for Secure Landfill No. 7 will result in irreparable injury to plaintiff. Furthermore, in light of the alleged detrimental effect a delay in the excavation will have upon Chem-Trol's business operations, customers, employees and the general public and, inasmuch as plaintiff never required that Chem-Trol obtain a permit for excavation of its six previous landfills, the equities balance in Chem-Trol's favor. The grant of a preliminary injunction is a drastic remedy to be sparingly used (Camardo v Board of Educ., 50 AD2d 1073; Cox v Rogers, 32 AD2d 871). We find that Special Term abused its discretion in granting such relief here, particularly inasmuch as Chem-Trol offered to post a $100,000 bond to insure restoration of the premises to the grades and elevations in existence prior to the excavating work should plaintiff ultimately prevail in the underlying action. Trial

on the merits should be preferred so that the issues may be promptly determined. (Appeals from order of Niagara Supreme Court—preliminary injunction.) Present—Marsh, P. J., Moule, Dillon, Hancock, Jr., and Witmer, JJ.