PICOTTE REALTY, INC., Respondent, v GALLERY OF HOMES, INC., Appellant.—Appeal from an order of the Supreme Court at Special Term, entered December 16, 1977 in Albany County, which granted plaintiff's motion for a preliminary injunction restraining defendant from taking action in furtherance of termination of a licensing agreement during the pendency of the action for permanent injunction. On December 1, 1973 plaintiff, a domestic corporation primarily engaged in selling real estate in the Albany area, and defendant, a domestic corporation which provides a unique marketing system to real estate brokers nationwide, entered into a licensing agreement enabling plaintiff to operate as a "Gallery of Homes" realtor for a period of 25 years in return for a percentage of its gross residential real estate commissions. Paragraph 4H of the agreement provides that "All license fees shall be due and payable within 30 days after the end of each calendar quarter * * * such payments to be based upon the commissions as defined below, reported in a form provided by the licensor at the end of such quarter". When 12 days had elapsed after the expiration of the prescribed payment period for the first quarter in 1977, defendant sent plaintiff a letter of termination pursuant to paragraph 5C of the agreement, which authorized defendant to terminate the agreement by written notice "upon breach of this agreement by the Licensee". Paragraph 5D of the agreement defines breach as including plaintiff's failure "to comply with any of the obligations required under Paragraph 4". Following receipt of the letter of termination, plaintiff sent the late payment with an explanation that it had not received from defendant the usual payment form it believed was necessary for payment under paragraph 4H. When defendant persisted in asserting that the agreement had been terminated, plaintiff commenced an action for a permanent injunction seeking to restrain defendant from terminating the agreement and moved for a preliminary injunction pending the outcome of the action. Special Term granted the motion and this appeal ensued. The grant of a preliminary injunction is within the discretion of the court to be exercised in those instances where the plaintiff would be entitled to permanent injunctive relief (see 7A Weinstein-Korn-Miller, NY Civ Prac, par 6301.13). To be entitled to relief plaintiff must demonstrate the likelihood of ultimate success on the merits, irreparable injury to itself if the relief is not granted, and a balancing of the equities *(Albini v Solork Assoc.,* 37 AD2d 835). Appellate review is relegated solely to the issue of whether there was an abuse of discretion *(Western Regional Off-Track Betting Corp. v Town of Henrietta,* 46 AD2d 1010). We do not find that the court abused its discretionary power in granting a preliminary injunction since there was no breach of the contract because defendant failed to comply with a condition precedent to its entitlement to timely payment of commissions by its failure to supply plaintiff its commission reporting form as required by

paragraph 4H of the contract. The plaintiff has thus sufficiently made out probable chance of success to merit injunctive relief. We do not agree with defendant's contention that paragraph 5G of the agreement, a liquidated damages clause, precludes the granting of injunctive relief because plaintiff has an adequate remedy at law (see *Karpinski v Ingrasci,* 28 NY2d 45; *Rubenstein v Rubenstein,* 23 NY2d 293). Plaintiff has spent considerable sums of money in adapting its over-all advertising to include the Gallery of Homes logo. Its identification with Gallery constitutes a substantial part of Picotte's good will. Picotte cannot replace Gallery's distinctive system of services, image and referral benefits it enjoys under the contract. The damages it will incur for these items under the contract represent intangibles not ascertainable in a breach of contract action. They constitute irreparable injury. Finally, the equities clearly tip to plaintiff in maintaining the *status quo* until the issue of whether the reporting form was sent is determined by trial. Order affirmed, without costs. Greenblott, Kane, Main and Mikoll, JJ., concur.

Mahoney, P. J., dissents and votes to reverse in the following memorandum. Mahoney, P. J. (dissenting). I dissent. In my view, plaintiff has failed to establish the likelihood of its ultimate success on the merits and, accordingly, the order should be reversed. Pursuant to the express language of the agreement, defendant had the right to terminate the agreement immediately, by written notice, upon plaintiff's breach of the agreement, and breach is defined as including plaintiff's failure "to comply with *any* of the obligations required under paragraph 4" (emphasis added). Where the parties to a contract have agreed to a termination clause, the courts of this State have generally enforced it as written (see *Shell Oil Co. v McGraw,* 48 AD2d 220, app dsmd 40 NY2d 918; *Greene Motors v Chrysler Motors Corp.,* 47 AD2d 743; *Swartz v War Mem. Comm. of City of Rochester,* 25 AD2d 90; *Cycleway, Inc. v Kawasaki Motors Corp., U. S. A.,* 77 Misc 2d 829). Here, plaintiff concedes that it failed to make the payment for the first quarter of 1977 within the time period required by paragraph 4H of the agreement. Accordingly, pursuant to the express language of the agreement, which I find clear and unambiguous, defendant was entitled to terminate the agreement. While it is the law of this State that a breach of contract must be substantial to give cause for rescission *(Clarke Contr. Co. v City of New York,* 229 NY 413, 420), as noted above, termination clauses will generally be enforced as written, and the clause at issue does not require a material or substantial breach. To so require, as plaintiff suggests, would necessitate judicial revision of the agreement reached by the parties, which we should not do (see *Morlee Sales Corp. v Manufacturers Trust Co.,* 9 NY2d 16). Next, I reject plaintiff's contention that receipt of the commission reporting form is a condition precedent to plaintiff's obligation to pay pursuant to paragraph 4H. The requirement that plaintiff make the payments appears absolute, and there is nothing in paragraph 4H which would suggest that the parties intended plaintiff's obligation to be contingent upon receipt of the form (see 10 NY Jur, Contracts, §§ 251-252; 5 Williston, Contracts [3d ed], § 665). Finally, since defendant's termination of the agreement was in accordance with the express terms of the agreement, plaintiff's allegation that defendant acted in bad faith must be rejected *(Shell Oil Co. v McGraw, supra; Division of Triple T Serv. v Mobil Oil Corp.,* 60 Misc 2d 720), and plaintiff has failed to allege facts sufficient to establish an unlawful tying arrangement in violation of section 340 of the General Business Law (see *Siegel v Chicken Delight,* 448 F2d 43, cert den 405 US 955). The order should be reversed.