(May 23, 1980)

■ HERMAN LOWE, Individually and Doing Business as PINE STREET COUNSELING CENTER, Respondent, v LYNNE W. REYNOLDS, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered January 9, 1980 in Ulster County, which granted plaintiff's motion for a preliminary injunction. Plaintiff, a proprietor of a private mental health center in Kingston, and defendant, a specialized speech and hearing pathologist, executed a written agreement providing for the terms of their professional relationship on June 1, 1978. Plaintiff was to provide defendant with an office and support services such as secretaries, billings and collections, supplies and equipment. The patients counseled by defendant were to be considered as patients of the Pine Street Counseling Center. All of defendant's professional fees were payable to her. However, she agreed to pay the center $450 per month during the first year of the agreement and $500 per month for the second year thereof for the use of the premises and the services rendered by the center. Either party could terminate the agreement on three months' written notice to the other. The agreement further provided that the parties would send a joint notice to defendant's patients in the event of termination of the agreement, informing the patients of the future location of each party's practice and stating that either party could be consulted in the future. However, the agreement also contained the following clause restricting defendant's right to practice: "Ms. Reynolds agrees that upon termination of this Agreement she will not form or join any other group practice, or engage in the independent private practice of her specialties within a radius of forty (40) miles from the Center for a period of three (3) years after termination." The parties had a dispute concerning obligations under the agreement and on June 27, 1979 plaintiff gave defendant the three-month written termination notice. Defendant subsequently sought to open a private practice as a certified speech pathologist and audiologist in the special education areas of mental retardation, neurological impairment and learning disabilities. Plaintiff then instituted this action for a permanent injunction in enforcement of the restrictive covenant and successfully obtained an order granting a preliminary injunction restraining defendant from opening such private office within the 40-

mile limit. This appeal is from that order. Defendant urges that the order granting the injunction should be reversed on the grounds that plaintiff failed to demonstrate his clear right to such relief in that there are many questions of fact presented. We agree. Defendant makes a strong argument that enforcement of the restrictive covenant would lead to public harm. She states that the patients in this type of counseling are not readily transferable to another therapist and that doing so would probably cause confusion and damage to the patients. They need the personal relationship of counseling to continue, especially in view of the fact that many of them are young. Plaintiff offers no factual refutation of defendant's statements on this point. Thus, a substantial question of potential harm to the public exists. Plaintiff has, therefore, failed to prove his clear right to the ultimate relief sought and the preliminary injunction should have been denied *(Camardo v Board of Educ.,* 50 AD2d 1073; *City of Buffalo v Mangan,* 49 AD2d 697; *Smith v Robilotto,* 25 AD2d 454). This same question of the patients' welfare leads to the conclusion that the equities have not been shown to be in plaintiff's favor, as is necessary before such relief should be granted *(Picotte Realty v Gallery of Homes,* 66 AD2d 978; *Town of Porter v Chem-Trol Pollution Servs.,* 60 AD2d 987, 988). Moreover, plaintiff has also failed to demonstrate that irreparable harm will result absent the preliminary injunction. His affidavits refer to monetary loss and some indefinite loss of referral business from patients who have left the center, but this latter aspect is without real support. We do not consider the question of defendant's certification to practice her profession since there is nothing in the record on such issue and it was not raised below *(Kahn v City of New York,* 37 AD2d 520, 521, affd 30 NY2d 690; *Mulligan v Lackey,* 33 AD2d 991, 992). We have considered the other arguments raised by the parties and find they are without merit. The order of Special Term should be reversed, the motion denied and the matter remitted for trial as a preferred case. Order reversed, on the law, motion denied, and matter remitted for trial as a preferred case, without costs. Main and Mikoll, JJ., concur; Casey, J., concurs in a separate memorandum in which Main, J., concurs; Mahoney, P. J., and Greenblott, J., dissent and vote to affirm in a memorandum by Greenblott, J.

Casey, J. (concurring). We agree with the majority that the order granting a preliminary injunction to the plaintiff herein should be reversed for the reasons stated in the decision. We add that we do not believe that *Gelder Med. Group v Webber* (41 NY2d 680) on whose authority the dissent seemingly relies compels a contrary result. In *Gelder,* the remaining partners had clearly shown on their motion for summary judgment that the expelled partner was disaffecting the partnership business. The Court of Appeals held, therefore, that the record did not reveal bad faith on the part of the remaining partners and stated *(supra,* p 684) that "Assuming, not without question, that bad faith might limit the otherwise absolute language of the agreement * * * it does not follow that * * * the remaining partners have the burden of establishing good faith", but the court added *(supra,* p 684) that "On the other hand, if an expelled partner were to allege and prove bad faith going to the essence, a different case would be presented." On the instant motion the defendant has clearly demonstrated that the plaintiff resorted to a preliminary injunction to enforce the restrictive covenant solely because the defendant would not agree to change the financial arrangements under the existing contract, which were working to the plaintiff's financial disadvantage. The plaintiff had no dissatisfaction with the defendant's abilities or diligence or honesty. The truth is the defendant was too good at her specialty and the plaintiff was being finan-

cially hurt thereby and wanted out. In his effort to escape from his bad bargain he pounced on the restrictive covenant of the agreement and resorted to a preliminary injunction to enforce it and to obtain his ultimate relief, posthaste. The defendant's affidavits so alleging have clearly raised an issue of bad faith on the plaintiff's part and the defendant should be given a trial opportunity to prove her allegations, as *Gelder* indicates.

Greenblott, J. (dissenting). In order to obtain a preliminary injunction, plaintiff "must demonstrate the likelihood of ultimate success on the merits, irreparable injury to itself if the relief is not granted, and a balancing of the equities" *(Picotte Realty v Gallery of Homes,* 66 AD2d 978). In our view, plaintiff satisfied his burden of proof and, therefore, Special Term properly exercised its discretion in granting a preliminary injunction in his favor. Initially, there can be no doubt that defendant violated the terms of the restrictive covenant when she opened her office in Kingston. Defendant expressly agreed that upon termination of her arrangement with plaintiff, she would not engage in private practice within 40 miles from the counseling center for three years after termination. The enforceability of restrictive covenants entered into by professionals depends on the facts of each case, and where, as here, such covenants are reasonable as to area and time, necessary to protect legitimate interests, not harmful to the public, and not unduly burdensome, they will generally be given effect *(Gelder Med. Group v Webber,* 41 NY2d 680, 683; *Karpinski v Ingrasci,* 28 NY2d 45, 49). Accordingly, plaintiff has demonstrated the likelihood of ultimate success on the merits. Next, plaintiff demonstrated that he will suffer irreparable injury if the relief is not granted. Plaintiff asserted that defendant treated many patients of the counseling center, had full access to and an intimate knowledge of the list of the center's clients and is seeking to induce and solicit plaintiff's clientele to remain with her in her private practice. Moreover, plaintiff contended that the services provided by defendant are similar in every respect to those offered by the counseling center and that defendant's private practice is irreparably injuring plaintiff since customers, clients and patients are leaving plaintiff and accepting the services of defendant. Plaintiff argues, too, that if the integrity and exclusivity of its client list cannot be maintained, its clinical operations will not succeed and that defendant would never have had the opportunity to learn the identity of so vast a number of potential patients had she not been employed by plaintiff. Under these circumstances, it seems to us that plaintiff has sufficiently established the likelihood of irreparable injury if a preliminary injunction is not granted. Finally, we conclude that the balancing of the equities is in favor of plaintiff. Defendant is not precluded from practicing her profession; she may practice with a public agency, a school system or beyond a 40-mile radius of the counseling center. Further, it is not fair for defendant to capitalize upon her knowledge of the client list of the counseling center and the contacts she established by reason of her employment there. We reject the majority's position that enforcement of the covenant at issue would raise a substantial question of potential harm to the *public.* Defendant is, obviously, not the only speech and hearing pathologist in Kingston (see *Gelder Med. Group v Webber, supra,* p 685). It is settled that the grant or denial of a preliminary injunction rests within the discretion of Special Term *(James v Board of Educ.,* 42 NY2d 357, 363) and that appellate review is limited to whether that discretion has been abused *(R & J Bottling Co. v Rosenthal,* 40 AD2d 911, 912). Plaintiff need only establish a prima facie case showing his right to relief *(Tucker v Toia,* 54 AD2d 322, 326), not a certainty of success. The position adopted by the majority is more properly

addressed to whether a permanent injunction should be granted. We, therefore, respectfully dissent and vote to affirm.