■ JEROME SEAMAN, Appellant, v ANNIE I. GINES, Respondent. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered March 13, 1981 in Schenectady County, which denied plaintiff's motion for a preliminary injunction. Plaintiff and defendant entered into a contract dated November 5, 1979 whereby defendant became plaintiff's employee in the practice of podiatry. The agreement provided in part as follows: "C. In the event of a termination of this Agreement for any reason, the Employee shall not for a period of two (2) years following the termination of this Agreement, without the written consent of the Employer, engage directly or indirectly as principal, agent or employee in the practice of podiatry within the geographic boundaries of Schenectady, Montgomery, Saratoga, Rensselaer or Albany counties. The employee expressly agrees that the restrictions and provisions of this paragraph are reasonable and fair and it is agreed that any breach of this restrictive covenant by the Employee shall entitle the Employer to apply to any Court of competent jurisdiction to enforce any violation thereof threatened or actual. In addition in the event that the Employee violates the provisions of this restrictive covenant, Employee shall immediately pay the Employer the sum of $50,000 as liquidated damages an amount equal to any fees she bills any past or present patients of the Employer during said two (2) year period." The agreement was apparently terminated by one or both of the parties in October or November of 1980. Plaintiff commenced this action by order to show cause and service of a summons and complaint in February of 1981 seeking money damages and to enjoin the defendant from violating the restrictive covenant. Plaintiff moved for a preliminary injunction restraining defendant during the pendency of the action from practicing podiatry at an office in the Town of Colonie and anywhere within the counties named in the restrictive covenant. Defendant answered the complaint and among other things has alleged that plaintiff so conducted his practice of podiatry that it amounted to a breach of the employment contract by him. The record before Special Term created issues of fact as to plaintiff's ultimate likelihood of success in enforcing the restrictive covenant. Under such circumstances, the refusal of Special Term to grant a preliminary injunction was not an abuse of discretion. (See *Lowe v Reynolds,* 75 AD2d 967, for a discussion of considerations on a motion for a preliminary injunction.) However, in view of the actual competition which does result from a denial of the preliminary injunction, Special Term should have ordered the case to trial as a preferred matter *(Lowe v Reynolds, supra)*. Order modified, on the law and the facts, by adding thereto a provision directing that the matter proceed to trial as a preferred case, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.