■ SUBURBAN PONTIAC, INC., et al., Respondents-Appellants, v GENERAL MOTORS CORP., Appellant-Respondent, et al., Defendant. — In an action, *inter alia,* to declare that the termination by General Motors Corp. of the Dealer Sales and Service Agreement between it and plaintiff Suburban Pontiac, Inc., is null and void, defendant General Motors appeals from a judgment of the Supreme Court, Nassau County (Velsor, J.), entered March 1, 1982, after a nonjury trial, which, *inter alia,* enjoined it from terminating the agreement and directed plaintiffs to submit an application for approval as a General Motors dealership. Plaintiffs cross-appeal from the judgment insofar as it failed to declare that the individual plaintiffs were dealer owners and dealer operators of the corporate plaintiff. Cross appeal dismissed, without costs or disbursements (see *Copper v Bosse,* 85 AD2d 616). Upon the appeal by General Motors, judgment reversed, on the law and the facts, without costs or disbursements, it is declared that the exercise by General Motors of the termination clause is valid and the complaint is otherwise dismissed. Under the facts of this matter, the invocation of equitable estoppel principles is not warranted. (See *Matter of New York State Guernsey Breeders Co-op. v Noyes,* 260 App 240, mod on other grounds 284 NY 197.) The record established, and the trial court found, that the plaintiffs knew that General Motors had to approve a change of ownership with respect to its dealerships. Nevertheless, the plaintiffs attempted to effect a change of ownership upon the advice of a General Motors employee who had suggested that the proposed owners first build a "track record" and then submit a formal application to the proper authorities. There is no question that the plaintiffs were aware that this employee had no authority to alter the contractual provision respecting the approval of new dealership owners. (See *Franham Distrs. v New York Worlds Fair 1939,* 124 F2d 82, 85, cert den 316 US 687; *Drennan v Sun Ind. Co. of N. Y.,* 271 NY 182, 186-188; *Ernst Iron Works v Duralith Corp.,* 270 NY 165, 170; *Central N. Y. Realty Corp. v Abel,* 28 AD2d 50, 54, affd 22 NY2d 963.) Instead of pursuing stated procedures, the plaintiffs chose to purchase and operate the dealership on May 21, 1981 without the requisite approval in violation of General Motors' contractual rights. (See *Greene Motors v Chrysler Motors Corp.,* 47 AD2d 743.) Personnel at the General Motors New York zone office heard of an ownership change at Suburban Pontiac in June, 1981 and sought to confirm that fact. Upon so doing, a recommendation for involuntary termination was forwarded on June 29, 1981 to the main offices of General Motors in Michigan for a final decision. On August 3, 1981 the zone office was apprised that its recommendation to terminate the dealership was approved. Plaintiffs received notice of termination on August 18, 1981. The fact that business relations continued between Suburban Pontiac and General Motors while the recommendation was pending, did not estop the latter from invoking its contractual right to terminate the dealership for an improper change of ownership. (See *Newfield v General Motors Corp.,* 84 AD2d 548; *McDaniel v General Motors Corp.,* 480 F Supp 666, 678, affd 628 F2d 1345; *Greene Motors v Chrysler Motors Corp., supra.*) Accordingly, the judgment must be reversed and judgment granted to General Motors. Titone, J. P., Gibbons, Weinstein and Thompson, JJ., concur.