■ BARBARA L. DWYER, as Executrix of RUBYE E. McKINSTRY, Deceased, Respondent-Appellant, v CITIZENS UNITED BANK, N. A., Appellant-Respondent. (Appeal No. 1.) — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: In this

action which was instituted in Supreme Court, Erie County, plaintiff seeks to recover certain stock and a ring pledged to defendant to secure defendant's loan to plaintiffs' testatrix granddaughter. Defendant is a banking corporation incorporated under Federal law engaged in the business of banking in the City of Vineland, New Jersey. When this case was commenced section 94 of title 12 of the United States Code, part of the National Bank Act, restricted actions against Federally chartered banks to courts — Federal or State — in the district, county or city in which such banks are "located". Effective October 15, 1982 this section was amended substantially to narrow the category of national banks entitled to assert the venue privilege and in effect repeal the restriction as it applied to defendant and other Federally chartered banks. In our view, defendant's appearance in this action, acknowledgment of service of summons, demand for a complaint and its characterization of these acts as a "submission to jurisdiction" signify its consent that it be sued in Supreme Court and its voluntary waiver of its personal privilege under the National Bank Act (see *Radzanower v Touche Ross & Co.*, 426 US 148, 151; *National Bank v Associates of Obstetrics,* 425 US 460, 462; *Lazarow, Rettig & Sundel v Castle Capital Corp.,* 49 NY2d 508, 512). Further, defendant's conduct thereafter, in failing to assert its privilege seasonably, implies its consent to litigate in this forum. Moreover, the amendment of section 94 divesting national banks of the general venue privilege should be given retroactive effect and would, regardless of defendant's consent deprive it of immunity from suit in Erie County under the former law. The statutory amendment is remedial and procedural; it did not create a substantive remedy where one did not exist previously; and it was plainly designed to give plaintiffs increased access to a forum chosen on the basis of their own convenience rather than that of the banks (see McKinney's Cons Laws of NY, Book 1, Statutes, §§ 54, 55). Further, the privilege concerned venue and not amenability to process and its repeal did not act to cure a jurisdictional defect. In addition, we agree with Special Term's dismissal of the second and sixth causes of action which assert defendant's breach of a duty to inquire into the source, ownership and right to possession of the collateral at issue. Plaintiff argues that this breach of duty is a material issue in this conversion action and demonstrates a lack of good faith on the part of the defendant. This argument has no relevancy, because lack of good faith is not an element of an action for conversion (see 23 NY Jur 2d, Conversion and Action for Recovery of Chattel, § 56, pp 273-276). Finally, we hold that Special Term improperly granted plaintiff's motion for a preliminary injunction by ordering defendant to secure the ring during the pendency of the action. Plaintiff has made no prima facie showing of probable success necessary to entitle her to a preliminary injunction pursuant to CPLR 6311 (see *Niagara Recycling v Town of Niagara,* 83 AD2d 316, 324; *Town of Porter v Chem-Trol Pollution Servs.,* 60 AD2d 987, 988; Siegel, NY Prac, § 328). The conclusory allegations in the moving papers do not supply the evidentiary detail demonstrating likelihood of success on the merits. We do not deem plaintiff's motion to have been brought pursuant to CPLR 7109. (Appellants from order of Supreme Court, Erie County, Ricotta, J. — dismiss complaint.) Present — Hancock, Jr., J. P., Callahan, Boomer, Green and Schnepp, JJ.