■ PACE SECURITIES, INC., et al., Respondents, v H. CLINTON POLLACK, JR., et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Francis N. Pecora, J.), entered December 28, 1988, which granted plaintiff a preliminary injunction which enjoins defendants from:

"1. Copying, transferring, transmitting, or in any other way utilizing customer lists of Pace Securities, Inc. ('Pace'), or any parts thereof, or documents derived therefrom regardless of form, for any purpose whatsoever, including without limitation the purpose of soliciting or contacting Pace's investment customers;

"2. Soliciting any customer who opened or maintained an account at Pace at any time up to and including October 28, 1988, except as hereinafter provided;

"3. Utilizing for any purpose the account transfer forms sent by defendants to Pace customers in October 1988;

"4. Distributing, circulating or otherwise utilizing the customer brochures, customer account forms and any other materials duplicated in whole or in part from those used by Pace; and

"5. Interfering with contractual relationships between Pace and its investment customers, except as hereinafter provided;" and which ordered defendants to return to Pace all investment customer lists and other files and documents taken from Pace by defendants, including documents derived therefrom, and all facsimiles thereof; and which granted defendants' motion to the extent it relates to the injunction relief sought by plaintiffs, to the following extent:

"1. Defendants shall not be enjoined from soliciting or servicing the accounts of customers of Pace who are also relatives of defendants;

"2. Defendants shall not be enjoined from soliciting or servicing the accounts of customers of Pace who are institutional investors;

"3. Defendants shall not be enjoined from soliciting or servicing the accounts of any other persons, other than persons who were customers of Pace on or before October 28, 1988, who may be obtained through defendants' own efforts or those of their employees;

"4. Defendants shall not be enjoined from opening and servicing accounts of customers of Pace who have not been solicited by defendants and who voluntarily approach defendants; and

"5. Defendants shall not be enjoined from employing any person who was formerly employed by Pace"
is unanimously affirmed, with costs, for the reasons stated by Pecora, J.

This action concerns the alleged improper acquisition and use by defendants of Pace Securities' confidential customer information. Plaintiffs seek a preliminary injunction restraining defendants from using this information pending a determination of their legal action. Plaintiffs have clearly demonstrated their likelihood of success on the merits, that they will be irreparably injured absent the issuance of a preliminary injunction and that the balance of the equities lies in their favor. (Grant Co. v Srogi, 52 NY2d 496, 517.) Trial Term's injunction, far from being overbroad, is narrowly drawn to prevent defendants from reaping the fruits of their improper

conduct, while still allowing them to compete freely in the general marketplace.

Accordingly, as the grant of the preliminary injunction was not an abuse of the court's discretion *(Picotte Realty v Gallery of Homes,* 66 AD2d 978), we affirm. Concur—Murphy, P. J., Sullivan, Carro and Rosenberger, JJ.