■ KENSINGTON COURT ASSOCIATES, Appellant, v BERTHA M. GULLO, as Executrix of WOODROW J. BEAUREGARD, Deceased, Respondent.—Weiss, P. J. Appeal from that part of an order of the Supreme Court (Harris, J.), entered February 21, 1991 in Albany County, which denied plaintiff's motion for a preliminary injunction.

Plaintiff is the owner of Kensington Court Condominiums, consisting of 16 apartment units in four buildings in the Town of Bethlehem, Albany County, and Kenwood Condominiums, consisting of 28 apartment units at another location in Bethlehem. Both properties are subject to a single mortgage held by the estate of Woodrow J. Beauregard, of which defendant is the executrix. The issue in this action is the alleged breach of an agreement which plaintiff contends is set forth in a letter signed by defendant on January 20, 1989 and used in connection with plaintiff's application to the Attorney-General for approval of the conversion into condominium units. When defendant refused to execute partial releases from the lien of the mortgage to facilitate the sale of two condominium units, plaintiff commenced this action seeking, *inter alia,* a mandatory injunction requiring defendant to immediately execute and deliver those releases upon plaintiff's payment of $15,000 consideration for each such release. Plaintiff simultaneously obtained a show cause order seeking preliminary relief pursuant to CPLR 6301. Supreme Court denied the motion, finding that sharply contested factual issues existed with respect to the validity of the contract and that plaintiff failed to demonstrate either the likelihood of success or a balancing of the

equities in its favor. Plaintiff has appealed from the order denying its motion for a preliminary injunction.

The order should be affirmed. It is well-settled law that a preliminary injunction may be granted under CPLR article 63 only if the party seeking such relief has demonstrated (1) a likelihood of ultimate success on the merits, (2) the prospect of irreparable injury if the provisional relief is withheld, and (3) a balancing of the equities weighing in favor of the moving party *(Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862; *Doe v Axelrod,* 73 NY2d 748, 750; *Kaufman v International Business Machs. Corp.,* 97 AD2d 925, 926, *affd* 61 NY2d 930). Defendant contends that the January 20, 1989 letter was executed solely to facilitate plaintiff's application for governmental approval of the conversion to condominiums and referred only to the Kensington Court property, whereas the mortgage also covered plaintiff's other property in Bethlehem. She further argues that the $15,000 offered by plaintiff as consideration for each release was never negotiated and that plaintiff unilaterally decided how much it would pay for each release.

Plaintiff does not dispute that the consideration was neither set forth in the letter nor negotiated, but contends, nevertheless, that the amount to be paid was easily capable of determination, relying upon *Cobble Hill Nursing Home v Henry & Warren Corp.* (74 NY2d 475, *cert denied* — US —, 111 S Ct 58). We disagree. The *Cobble Hill* case is readily distinguishable in that the purchase option there provided that the price to be paid for the nursing home would be determined by the Department of Health in accordance with the Public Health Law and all applicable rules and regulations of the Department. In contrast, the letter agreement here does not provide a methodology for fixing the consideration to be paid for each release, stating instead that "a negotiated portion of the mortgage note balance will be paid to the Estate in consideration". Nor could the price (1) be determined without the need for new expressions by the parties, (2) be found within the agreement, or (3) be ascertained by reference to an extrinsic event, commercial practice or trade usage *(see, supra,* at 483).

If an agreement is not reasonably certain in its material terms, there can be no legally enforceable contract *(Martin Delicatessen v Schumacher,* 52 NY2d 105, 109; Restatement [Second] of Contracts § 33). Unless a court can determine what the agreement is, it cannot know whether the contract has been breached in order to fashion a proper remedy *(see, Metro-Goldwyn-Mayer v Scheider,* 40 NY2d 1069, 1070-1071).

The symmetry is apparent. Without a contract capable of

enforcement there can be no breach; without a breach there can be no likelihood of success; and absent the likelihood of ultimate success on the merits, the denial of plaintiff's motion was not an abuse of discretion *(see, Kaufman v International Business Machs. Corp., supra; Seaman v Gines,* 83 AD2d 667).

Levine, Mercure and Casey, JJ., concur. Ordered that the order is affirmed, with costs.