RADIANT ENERGY CORPORATION et al., Respondents, v ROBERTS-GORDON, INC., Appellant. [639 NYS2d 237] Memorandum: Supreme Court properly granted plaintiffs' motion for a preliminary injunction restraining defendant from interfering with plaintiffs' rights as owners of a patent for an infrared radiation apparatus for de-icing aircraft. Plaintiffs sufficiently established a likelihood of success on the merits, irreparable harm if injunctive relief is not granted and a balancing of the equities in their favor (*see, Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862; *Grant Co. v Srogi,* 52 NY2d 496, 517; *Town of Porter v Chem-Trol Pollution Servs.,* 60 AD2d 987, 988).

At this stage, we reject defendant's contention that plaintiffs cannot succeed on the merits. Defendant contends that, as officers of defendant corporation, plaintiffs Chew and Seel owed a fiduciary duty not to divert a corporate opportunity from defendant and an obligation to assign all rights to inventions and patents to the corporation (*see, Grip Nut Co. v Sharp,* 150 F2d 192, *cert denied* 326 US 742; *Kennedy v Wright,* 676 F Supp 888, *affd* 867 F2d 616; *Great Lakes Press Corp. v Froom,* 695 F Supp 1440). New York has not adopted the rule announced in those cases (*see, Cahill v Regan,* 5 NY2d 292), and, in any event, defendant failed to show that Chew or Seel had sufficient control over the management of the corporation or exercised the power of a president or chief executive officer to come within that rule. (Appeal from Order of Supreme Court, Erie County, Howe, J.—Preliminary Injunction.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.