■ GOLDEN EAGLE/SATELLITE ARCHERY, INC., Appellant-Respondent, v MARVIN EPLING et al., Respondents-Appellants. [665 NYS2d 169] —Order unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: Supreme Court erred in denying plaintiff's motion for partial summary judgment on the first cause of action alleging a breach of fiduciary duty. Plaintiff established that defendant Marvin Epling was the president and chief executive officer of plaintiff and was fully responsible for overseeing the day-to-day operations, including sales, marketing, distribution, finance, manufacturing, and new product development. Further, it is not disputed that Epling used company assets, including computers, personnel and resources, in the development of the product for which Epling later sought a patent.

In *Cahill v Regan* (5 NY2d 292), the Court of Appeals held that, where "an employee is hired to invent or is given the task of devoting his efforts to a particular problem, the resulting invention is the employer's, and any patent obtained by the employee must be assigned to the other * * * On the other hand, an employee whose employment is 'general' is entitled to retain any patent which he procures and need not assign it to his employer, even though his employment 'cover[s] a field of labor and effort in the performance of which the employee conceived the invention for which he obtained a patent'" (*Cahill v Regan, supra*, at 296, quoting *United States v Dubilier Condenser Corp.*, 289 US 178, 187 [citations omitted]). In *Great Lakes Press Corp. v Froom* (695 F Supp 1440, 1446), the court carved out an exception to the rule enunciated in *Cahill* "where the employee is the President, Chief Executive Officer, and a Director of the corporation." The basis for that exception is the fiduciary duty owed by the president and chief executive officer to the corporation. Under the circumstances of this case, the exception enunciated in *Froom* applies because Epling was not only the president and chief executive officer of plaintiff, but worked on the patent using plaintiff's employees and comput-

ers (*cf., Radiant Energy Corp. v Roberts-Gordon, Inc.*, 225 AD2d 1025). Thus, Epling had a fiduciary duty to act in the best interest of plaintiff and not deprive it of any corporate opportunity (*see, Great Lakes Press Corp. v Froom, supra*; *Grip Nut Co. v Sharp*, 150 F2d 192, *cert denied* 326 US 742). (Appeals from Order of Supreme Court, Ontario County, Cornelius, J.—Summary Judgment.) Present—Denman, P. J., Hayes, Callahan and Fallon, JJ.