OPINION OF THE COURT
Thomas J. Spargo, J.
Defendants Columbia Memorial Hospital and Columbia Memorial Physician Hospital Organization, Inc. (Columbia) move for summary judgment dismissing the third and fourth causes of action contained in the complaint. Plaintiff cross-moves for summary judgment as to liability and damages against both defendant Ananthakrishnan Ramani and Columbia. Ramani cross-moves for summary judgment dismissing the complaint.
On September 12, 1996, plaintiff Prime Medical Associates, P.C. contracted to employ Ramani as an infectious disease medical specialist to provide patient care services, primarily at Prime’s medical treatment centers located in Columbia County and Greene County. The employment contract contained a non-compete clause forbidding Ramani from providing physician services in competition with Prime within a radius of 25 miles of any Prime office for a period of two years after termination or expiration of his employment with Prime. The employment contract was conditioned upon Ramani obtaining a work visa from the federal government.
The Columbia-Greene area had been designated a Medically Underserved Area (MUA) by the United States Department of Agriculture (USDA) and a Health Professional Shortage Area (HPSA) by the United States Department of Health and Human Services. Because of these federal designations, Ramani, a citizen of India, was entitled to participate in a program administered by the USDA which waived certain work visa requirements.
Ramani applied to the USDA for the appropriate visa and submitted the employment contract for review and approval. On July 23, 1997, the USDA advised Ramani and Prime that the noncompete clause forbidding Ramani from practicing medicine in the subject area, except as Prime’s employee, “[djefeats the purpose of the waiver program.” The USDA directed the parties to delete the noncompete clause.
Because of the USDA directive, Prime and Ramani amended the employment contract, on July 29, 1997, by deleting the non-compete clause. The amendment deleting the noncompete clause was submitted to the USDA.
*313 On August 1, 1997, Prime required Ramani to sign a promissory note implementing the terms of the deleted noncompete clause. The promissory note was not disclosed to the USDA.
Based upon the deletion of the noncompete clause, the USDA issued the work visa and Ramani began performing services for Prime on October 1, 1997.
In July 1998, Ramani was required to sign yet another amendment to the employment contract, again requiring Ramani’s compliance with the deleted noncompete clause. The amended employment contract was not disclosed to the USDA.
In April 2000, Ramani approached Jay Cabalan, the chief operating officer at Columbia, and advised him that he was having significant problems with his employment at Prime and “had decided that he was terminating his employment contract” with Prime. Ramani told Cabalan that he was planning to move to the Albany area for employment although he would prefer to remain in the Columbia-Greene area if Columbia was interested in employing him. Negotiations between Ramani and Columbia ensued and resulted in an employment contract on April 24, 2000. Ramani resigned from Prime on May 1, 2000 and this litigation shortly followed.
An agreement not to compete with an employer “will be enforced if it is reasonable as to time and area, necessary to protect the employer’s legitimate interests, not harmful to the public, and not unduly burdensome” (Albany Med. Coll, v Lobel, 296 AD2d 701, 702 [2002]; Scott, Stackrow & Co., C.P.A.’s, P.C. v Skavina, 9 AD3d 805 [2004]).
The noncompete clause considered here violates public policy and is unenforceable. The purpose behind the USDA prohibition against the restrictive covenant was set forth by the United States Information Agency:
“As the underlying policy objective for an agency to act on behalf of a foreign medical graduate is to provide primary health care to the residents [in areas without adequate access to medical care], the contract shall not include a non-compete clause enforceable against the foreign medical graduate. This provision is adopted to insure that the foreign medical graduate is not forced to leave a HPSA ... or MUA at the end of his or her contract.”
Prohibition of a noncompete clause in foreign medical graduate employment contracts submitted for visa approval, under the circumstances considered here, remains the public policy of the United States (see 22 CFR 41.63 [c] [4] [i]).
*314 Dr. Ramani is the only infectious disease specialist serving the Columbia-Greene area. The court thus finds that enforcement of the noncompete clause would pose a substantial risk of harm to the public (Lowe v Reynolds, 75 AD2d 967 [1980]; cf. Bollengier v Gulati, 233 AD2d 721 [1996]).
Finally, the court will not condone the submission of an apparently fraudulent document to the federal government for the purpose of obtaining a visa. The employment contract was expressly conditioned upon Ramani obtaining a visa. Both Ramani and Prime were aware that the federal government would not issue the visa unless the noncompete clause was removed. Ramani and Prime acted in concert to fraudulently obtain the visa and to defeat the very purpose of the visa waiver program.
Under the circumstances of this case, and considering the relative culpabilities of Prime and Ramani in perpetrating a fraud upon the government, neither are entitled to recover damages from the other (see, Smith v Pope, 72 AD2d 913 [1979]).
The complaint and counterclaims are dismissed.